**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DANIEL WAYNE BYERS**                                                    **PETITIONER**

**v.**                                                    **NO. 1:15-cv-395-LG-MTP**

**MARSHALL TURNER**                                                    **RESPONDENT**

## REPORT AND RECOMMENDATION

  BEFORE THE COURT is the *pro se* Petition of Daniel Wayne Byers ("Byers") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Having considered the submissions of the parties, the record of the state court proceeding, and the applicable law, the undersigned recommends that the Petition [1] be DENIED.

## FACTS[1] AND PROCEDURAL HISTORY

  Byers lived with his girlfriend, Anna, and her three young daughters.  Anna worked night shifts at the Hard Rock Hotel and Casino in Biloxi, Mississippi, and Byers cared for the children in the evening while she worked.  On September 4, 2011, Anna's two-year-old daughter, Tiffany,[2] suffered injuries while in Byers's care, and Byers took her to Garden Park Medical Center (Garden Park) in Gulfport, Mississippi.  A medical examination revealed that Tiffany had suffered a fracture of her right femur, along with severe bruising, abrasions, and lacerations to her neck, face, and stomach.  Tiffany was transferred to the University of South Alabama Children's and Women's Hospital (USA Hospital) in Mobile, Alabama.

---

[1] The factual summary is taken for the Mississippi Court of Appeals's opinion affirming Petitioner's conviction. *See Byers v. State*, 157 So. 3d 98 (Miss. App. 2014).

[2] The court of appeals changed the names of the victim and her family to protect her identity.

Byers claimed that the injuries occurred when Tiffany's foot became stuck in the rails of her crib and she fell from the crib to the floor. However, the medical staff suspected child abuse, as these types of injuries to a young child are rare. Furthermore, the staff at USA Hospital noted small tears in Tiffany's vaginal area and that her hymen was not intact. The hospital staff reported the injuries to State authorities, and the Department of Human Services gained custody of the child until November, 2011, when she was released into her mother's care.

On April 9, 2012, Byers was indicted on three counts of felony child abuse (Counts I-III),[3] one count of sexual battery (Count IV),[4] and one count of touching a child for lustful purposes (Count V).[5] During the jury trial on February 5, 2013, Byers advanced several theories as to why Tiffany suffered the bruises and cuts: (1) rough play with her older sisters; (2) her mother; (3) the child's tight clothes; and (4) a Vitamin D deficiency. However, two medical experts testified that it was very unlikely Tiffany's injuries were accidental or that a child could incur that type of injury by getting her foot stuck in a crib. Tiffany's mother, Anna, stated that Tiffany had fallen out of bed previously, but had never sustained more than a small bruise. Tiffany, who was four years old at trial, also testified, but she could not remember what had happened to her leg and was generally unresponsive to questioning. The forensic interviewer, Kristian Clark, however, said that Tiffany had told her more than once that Byers had hurt her leg. Anna also noted that Tiffany rarely said Byers's name and that Tiffany referred to Byers as the "bad man."

---

[3] *See* Miss. Code Ann. § 97-5-39(2) (Rev. 2006).

[4] *See* Miss. Code Ann. § 97-3-95(1)(d) (Rev. 2006).

[5] *See* Miss. Code Ann. § 97-5-23(1) (Rev. 2006).

On February 7, 2013, Petitioner was acquitted of touching a child for lustful purposes (Count V) but was convicted of two counts of felony child abuse (Counts I and III) in the Circuit Court of Harrison County, Mississippi. (State Court Record [7-1] at 109-10).[6] Petitioner was sentenced to forty years in the custody of the Mississippi Department of Corrections on each count, with the sentences to run concurrently. *Id*.

On April 1, 2013, Petitioner, through counsel, appealed his conviction and sentence to the Mississippi Supreme Court, raising the following grounds for relief:

1. Admission of Tiffany's forensic interview violated Byers's right to confront the witnesses against him as guaranteed by both the Mississippi and United States Constitutions.

2. Byers's trial counsel was facially ineffective in failing to object to inadmissible hearsay.

3. The State presented insufficient evidence to convict Byers of Count Three of felony child abuse.

4. Byers's convictions for felony child abuse merge.

([7-1] at 124; [7-5] at 6). On July 22, 2014, the Mississippi Court of Appeals affirmed Petitioner's conviction and sentence in a written opinion. *See Byers v. State*, 157 So. 3d 98 (Miss. App. 2014), *reh'g denied* Nov. 4, 2014, *cert. denied*, Feb. 5, 2015.

On November 30, 2015, Petitioner flied the instant Petition for writ of habeas corpus asserting the following grounds for relief:

1. Admission of Tiffany's forensic interview violated Byers's right to confront the witnesses against him as guaranteed by both the Mississippi and United States Constitutions.

2. Byers's trial counsel was facially ineffective in failing to object to inadmissible hearsay.

---

[6] The State did not pursue a conviction on one particular count of felony child abuse (Count II). At the close of the State's case, the trial court granted Petitioner's motion for a directed verdict as to the charge of sexual battery (Count IV). *See Byers*, 157 So. 3d at 101 & n5.

3.  The State presented insufficient evidence to convict Byers of felony child abuse.

4.  Byers's convictions for felony child abuse merge.

Grounds 1, 2, and 4 are the exact same as those asserted on direct appeal to the Mississippi Supreme Court.  Ground 3 differs slightly as Petitioner does not specifically mention Count III of felony child abuse in his habeas petition.

## ANALYSIS

The standard of review for habeas claims to be applied by this Court is set forth in 28 U.S.C. § 2254(d), which provides that a federal court may not grant habeas relief unless the state court's adjudication of the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  The "contrary to" and "unreasonable application" clauses of Section 2254(d)(1) have independent meanings. *Bell v. Cone*, 535 U.S. 685, 694 (2002).

The "contrary to" clause applies when the state court fails to apply a legal rule announced by the Supreme Court or reaches a result opposite to a previous decision of the Court on materially indistinguishable facts. *Williams v. Taylor*, 526 U.S. 362, 405-06 (2000).  The "unreasonable application" clause applies when the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id*. at 407-08. The "unreasonable application" inquiry is based on an objective standard, and "unreasonable" does not equate with "incorrect." *Garcia v. Dretke*, 388 F.3d 496, 500 (5th Cir. 2004).

Habeas corpus serves as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v.*

*Richter*, 562 U.S. 86, 102-03 (2011) (internal quotations omitted).  A federal court does not "sit as a 'super' state supreme court" and may decide the issues presented by the habeas petition "only to the extent that federal constitutional issues are implicated." *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986).

***Ground 1:   Whether Admission of Tiffany's Forensic Interview Violated Byers's Right to Confront the Witnesses Against Him as Guaranteed by Both the Mississippi and United States Constitutions***

In Ground 1, Petitioner objects to the admission of a video recording of Tiffany's forensic interview conducted by Kristian Clark, a forensic interviewer.  In his Response [6], Respondent argues that this claim is barred from habeas review pursuant to the procedural-default doctrine.  Pursuant to this doctrine, federal courts are precluded from reviewing a prisoner's habeas claim where the state court declined to address the claim for failure to meet a state procedural requirement. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).  In its written opinion affirming Petitioner's conviction and sentence, the Mississippi Court of Appeals found that this ground for relief was procedurally barred because Petitioner failed to make a contemporaneous objection to the admission of the video.[7]

"This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman*, 501 U.S. at 729-30.  To satisfy the "independent" and "adequate" requirements, the state court's dismissal must clearly and expressly reflect that it

---

[7] Alternatively, the court of appeals held that, "[n]otwithstanding the procedural bar," there was no violation of Petitioner's right to confront the witnesses because these witnesses testified at trial and "were *available* to the defense for cross-examination." *Byers*, 157 So. 3d at 102 (citing *Penny v. State*, 960 So. 2d 533, 537 (Miss. App. 2006) (finding no violation of defendant's right to confrontation, as the witness from the video evidence was available at trial for cross-examination)).

rests on a state procedural bar,[8] and the bar must be strictly or regularly applied by the state courts to the vast majority of similar claims. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996).

A state has failed to strictly and regularly apply a procedural rule only when the state "clearly and unequivocally excuse[s] the procedural default," and when the state fails to apply the rule to claims "identical or similar" to the petitioner's claim. *Amos v. Scott*, 61 F.3d 333, 339 (5th Cir. 1995). Petitioner bears the burden of establishing that the State did not strictly or regularly follow a procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). Petitioner does not argue that Mississippi has not strictly or regularly applied the bar to similar claims, and the Fifth Circuit has held that Mississippi's contemporaneous objection rule has been regularly and consistently applied. *See Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992). Thus, Petitioner defaulted his claim in state court.

However, a federal court may consider a defaulted claim under two narrow exceptions: cause and actual prejudice or miscarriage of justice. *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2005). In order to demonstrate cause, "there must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753. Prejudice may be demonstrated by showing that the cause "worked to [the petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

In his Reply [10], Petitioner argues that this Court should consider his defaulted claim because his trial counsel was ineffective in not objecting to the video's admission. Indeed, "[a] defendant may show 'cause' by proving ineffective assistance of counsel in violation of the Sixth

---

[8] The court of appeals's alternative discussion on the merits of Petitioner's claim does not vitiate the procedural bar's validity. *Hughes v. Dretke*, 412 F.3d 582, 592 (5th Cir. 2005); *Thacker v. Dretke*, 396 F.3d 607, 614 n.8 (5th Cir. 2005).

Amendment of the Constitution." *Pickney v. Cain*, 337 F.3d 542, 545 (5th Cir. 2003). However, while a trial counsel's ineffectiveness for failing to preserve a claim for review may constitute cause to lift a procedural bar, a habeas petitioner cannot rely upon such ineffectiveness as cause where he has not first properly presented this issue as an independent claim before the state courts. *Hatten v. Quarterman*, 571 F.3d 595, 605 (5th Cir. 2009); *Leggins v. Lockhart*, 822 F.2d 764, 768 n5 (8th Cir. 1987) ("A claim of ineffective assistance of counsel must be presented to the state court as an independent claim before it may be used to establish cause for procedural default or denominated as a ground for habeas relief.").

Petitioner did not raise this issue in the state courts. On direct appeal, Petitioner argued that his trial counsel was ineffective in failing to object to the video as inadmissible hearsay. Petitioner did not argue in the state court that his trial counsel was ineffective in failing to object to the admission of the video as a violation of his right to confront the witnesses.[9] Additionally, Petitioner did not raise this issue in his habeas petition; Petitioner first raised it in his Reply [10]. Thus, Petitioner cannot establish cause for his default of Ground 1 based on ineffective assistance of counsel.

In his Reply [10], Petitioner also states that a fundamental miscarriage of justice will result if this Court does not consider his claim. "The fundamental miscarriage of justice exception to the rule that state procedural default bars federal habeas review is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges

---

[9] In Ground 2, Petitioner argues that his trial counsel was ineffective in failing to object to the video as inadmissible hearsay. The court of appeals considered and rejected Petitioner's ineffective assistance of counsel claim. As outlined in the discussion of Ground 2, *infra* pp. 8-12, Petitioner failed to establish that the state court's decision—that Petitioner did not receive ineffective assistance of counsel—was an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984).

against him." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). An allegation of actual innocence requires that a petitioner support this claim "with new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Fairman v. Anderson*, 188 F.3d 635, 355 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner has produced no new evidence to establish his innocence. Accordingly, the Court need not consider Ground 1 on the merits.

Moreover, even if this claim were not procedurally barred, Petitioner would not be entitled to relief. As previously noted, the court of appeals alternatively ruled that there was no violation of Petitioner's right to confront the witnesses because these witnesses testified at trial and "were *available* to the defense for cross-examination." *Byers*, 157 So. 3d at 102. Petitioner has not demonstrated that the state court's decision on this issue is contrary to, or involves an unreasonable application or, clearly established federal law, or that the decision was based on an unreasonable determination of the facts in light of the evidence. *See Carson v. Collins*, 993 F.2d 461, 464 (5th Cir. 1993) (finding that admission of a videotaped out-of-court interview of a child regarding sexual abuse did not violate the Confrontation Clause, when the child also testified at trial). Habeas relief on this claim should be denied.

### Ground 2: Whether Byers's Trial Counsel Was Facially Ineffective in Failing to Object to Inadmissible Hearsay

In Ground 2, Petitioner argues that his trial counsel was ineffective for failing to object to Tiffany's forensic interview on the basis that it was inadmissible hearsay. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court defined the standard by which an ineffective assistance of counsel claim in a habeas proceeding is to be measured. Pursuant to *Strickland*, Petitioner must show that his "counsel's performance was deficient" and

that "the deficient performance prejudiced the defense." 466 U.S. at 687; *see also Motley v. Collins,* 18 F.3d 1223, 1226 (5th Cir. 1994) (stating that satisfaction of the standard requires a showing that counsel's acts "fell below an objective standard of reasonableness"). In order to establish a deficiency, Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* This Court's "scrutiny of counsel's performance must be highly deferential" and it must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *see also Moawad v. Anderson,* 143 F.3d 942, 946 (5th Cir. 1998) (observing that the court "gives great deference to counsel's assistance, strongly presuming that counsel has exercised reasonable professional judgment") (internal quotations and citations omitted).

"To meet the prejudice prong of the *Strickland* test, the defendant may not simply allege but must 'affirmatively prove' prejudice." *Bonvillain v. Blackburn,* 780 F.2d 1248, 1253 (5th Cir. 1986) (citing *Celestine v. Blackburn,* 750 F.2d 353, 356 (5th Cir. 1984)). Further, Petitioner must not only prove that the outcome of his trial would have been different "but for counsel's alleged errors," but must also prove that "'the result of the proceedings was fundamentally unfair or unreliable.'" *Vuong v. Scott,* 62 F.3d 673, 685 (5th Cir. 1995) (quoting *Lockhart v. Fretwell,* 506 U.S. 364, 369 (1993)). An ineffective assistance of counsel claim must be stated with specificity. *Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir. 1990). Summarily reciting general complaints about counsel's performance without discussing their specific basis or how application of the law purportedly justifies relief does not state a claim for habeas review. *Hughes v. Dretke,* 412 F.3d 582, 597 (5th Cir. 2005); *Miller v. Johnson,* 200 F.3d 274, 282 (5th

Cir. 2000) ("[C]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.")

In its written opinion, the Mississippi Court of Appeals reviewed Petitioner's claim of ineffective assistance of counsel and determined that Petitioner failed to meet his burden of establishing ineffective assistance of counsel. *Byers*, 157 So. 3d at 102.  Given that the ineffective assistance of counsel claim before this Court presents a mixed question of law and fact[10] and that *Strickland* is the "clearly established Federal law" which governs such claims, the issue in this case is "whether the Mississippi [Court of Appeals's] decision to reject [Petitioner's] ineffective assistance claim 'involved an unreasonable application' (and not merely an incorrect application) of *Strickland*." *Neal v. Puckett*, 286 F.3d 230, 236 (5th Cir. 2002).

The court of appeals noted that Petitioner's trial counsel requested that the video be shown to the jury, stating as follows: "There is a forensic video of this child where she spoke to the interviewer, and I believe that would be a much better vehicle for this jury to see what this child has to say." *Byers*, 157 So. 3d at 101.  The court of appeal ruled as follows:

> [I]t seems apparent that defense counsel's trial strategy was to show the video to the jury.  According to the State, the video aided Byers's defense because, in the video, Tiffany denied any touching as it related to Counts IV and V [sexual battery and touching a child for lustful purposes].  Byers obtained a directed verdict as to County IV and was acquitted as to Count V.  "With respect to the overall performance of the attorney, counsel's choices of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy and cannot give rise to an ineffective assistance of counsel claim." *McDonald v. State*, 130 So. 3d 102, 112 (¶34) (Miss. Ct. App. 2013) (quoting *Powell v. State*, 806 So. 2d 1069, 1077 (¶18) (Miss. 2001)).

*Id*. at 102.

---

[10] *Nixon v. Epps*, 405 F.3d 318, 324 (5th Cir. 2005).

It is evident from the record that Petitioner's trial counsel used the video to undermine the State's case against Petitioner for sexual battery and touching a child for lustful purposes. During closing arguments and while arguing for a directed verdict, trial counsel stated the video showed that when Tiffany was asked whether she had ever been touched on her private area, she responded that she had not been and that she had never been required to touch anyone else's private area. ([7-3] at 129; [7-4] at 60).[11]   Ultimately, the trial court granted Petitioner a directed verdict on the charge of sexual battery (Count IV), and the jury acquitted Petitioner on the charge of touching a child for lustful purposes (Count V). ([7-3] at 141-42).

In his Petition, Petitioner does not specifically explain how the video prejudiced him, but in his appellant brief to the court of appeals, Petitioner argued that that video contained Tiffany's statement that "Byers had 'hurt' her—something which she was unable to testify to at trial." ([7-5] at 19).  However, trial counsel's decision to forgo objecting to evidence of a "double-edged" nature was apparently based on trial strategy, which is afforded considerable deference. *See Garland v. Maggio*, 717 F.2d 199, 602 (5th Cir. 1983) ("A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."); *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993) ("this Circuit is careful not to second guess legitimate strategic choices").

Petitioner has failed to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Moreover, Petitioner has failed to establish that the Mississippi Court of Appeals's rejection of

---

[11] Petitioner even notes in his Petition that "[i]n the interview, the purported victim never gave any statement concerning any act of sexual conduct performed with her; in fact, she denied ever being touched." ([1] at 7).

Petitioner's ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Therefore, Petitioner is not entitled to habeas relief on this ground.

### Ground 3: Whether the State Presented Insufficient Evidence to Convict Byers of Felony Child Abuse

Petitioner was charged with three counts of felony child abuse. Under Count I, Petitioner was charged with causing "serious bodily harm, to-wit: a fracture to the right leg" of Tiffany; for Count II, Petitioner was charged with causing "serious bodily harm, to wit: a fracture to the left arm of" Tiffany; and for Count III, Petitioner was charged with "serious bodily harm, to wit: severe bruising, abrasions and lacerations" to Tiffany. ([7-1] at 12-13). As previously mentioned, the State did not pursue a conviction on Count II. Petitioner was convicted of Count I (leg fracture) and Count III (bruising, abrasions, and lacerations).

<u>Count I—A Fracture to the Right Leg</u>

In his appeal to the Mississippi Supreme Court, Petitioner raised the issue of sufficiency of the evidence as it relates to Court III. Petitioner, however, did not raise the issue of sufficiency of the evidence as it relates to Count I. Accordingly, to the extent Petitioner seeks to challenge his conviction on Count I based on the sufficiency of the evidence, that claim is barred as a result of Petitioner's failure to exhaust his state remedies.

"A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion doctrine serves the salutory purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] serves to minimize friction between our federal and state systems of justice."

*Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (internal quotations and citations omitted).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (citing *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)). "Fair presentation does not entertain presenting claims 'for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons thereof.'" *Carty v. Thaler*, 583 F.3d 244, 254 (5th Cir. 2009) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). "Not only must the petitioner present the question to the state courts but he must also exhaust all available remedies to procure a correction of the error from the state courts." *Edwards v. Thigpen*, 595 F. Supp. 1271, 1277 (S.D. Miss. 1984) (citing 28 U.S.C. § 2254(b)).

Petitioner's challenge to his conviction on Count I based on the sufficiency of the evidence has not been "fairly presented" to the Mississippi Supreme Court in a "procedurally proper manner," as the state court did not have the opportunity to consider the merit of this ground for relief. *Mercadel*, 179 F.3d at 275. Exceptions to the exhaustion requirement exist only where there is an absence of an available state corrective process or circumstances exist that render such process ineffective to protect the rights of the petitioner. *See* 28 U.S.C. §

13

2254(b)(1)(B).  Petitioner has made no argument that a state corrective process is unavailable or

that it would be ineffective.  Accordingly, Petitioner has failed to fulfill the exhaustion

requirement of 28 U.S.C. § 2254(b)(1), and this challenge concerning Count I should be

dismissed without prejudice for failure to exhaust.

Count III—Severe Bruising, Abrasions, and Lacerations

        In Ground 3, Petitioner also argues that the evidence was insufficient to support a

conviction on Count III.  The crime of felony child abuse is codified by Miss. Code Ann. § 97-5-

39(2).  At the time the offense occurred, this statute provided as follows:

> Any person who shall intentionally (i) burn any child, (ii) torture any child, or (iii)
> except in self-defense or in order to prevent bodily harm to a third party, whip,
> strike or otherwise abuse or mutilate any child in such a manner as to cause serious
> bodily harm, shall be guilty of felonious abuse of a child . . . .

Miss. Code Ann. § 97-5-39(2).[12]

        Insufficiency of the evidence can support a claim for habeas relief only if the evidence,

when viewed in the light most favorable to the State, is such that no "rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt." *Santellan v.

Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001).  The evidence need not exclude every reasonable

hypothesis of innocence or be completely inconsistent with every conclusion except guilt so long

as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable

doubt. *United States v. Stevenson*, 126 F.3d 662, 664 (5th Cir. 1997).  The determination of the

sufficiency of the evidence by a state appellate court is entitled to great deference. *See Callins v.

Collins*, 998 F.2d 269, 276 (5th Cir. 1993) (citing *Parker v. Procunier*, 763 F.2d 665, 666 (5th

---

[12] The Mississippi Court of Appeals points out that this statute was amended in July, 2013, a few
months after Petitioner's trial, to include definitions for "bodily injury" and "serious bodily
injury."

Cir. 1985) ("Where state appellate court has conducted a thoughtful review of the evidence . . . its determination is entitled to great deference.")).

The Mississippi Court of Appeals addressed this issue. The court of appeal noted that "the Mississippi Supreme Court defined serious bodily harm as 'bodily injury which creates a substantial risk of death, or permanent or temporary disfigurement, or impairment of any function of any bodily organ of function.'" *Byers*, 157 So. 3d at 103 (quoting *Buffington v. State*, 70 So. 2d 576, 580 (Miss. 2002)). The court of appeals further noted that "evidence of 'significant bruising and swelling' of a child's face, coupled with testimony 'that only multiple blows using great force could have caused [the] injuries,' was sufficient evidence to find that the defendant inflicted serious bodily harm to the child." *Id.* (quoting *Baker v. State*, 70 So. 3d 235, 240 (Miss. App. 2011)).

The court of appeals pointed to an emergency room nurse's testimony that Tiffany "had abrasions and bruising to her neck, over here under her eye and her forehead, cheek, neck, . . . [and] her little belly." *Id.* ([7-2] at 110). The court also pointed to the testimony of one of Tiffany's treating physicians, who stated that she had petechia, significant bruising on her bottom area and around her thighs, an abrasion near her chest and neck, and bruising and redness around her face. *Id.* ([7-2] at 132, 134). The physician described these injuries as "significant" and "a very forceful injury." *Id.* ([7-2] at 132, 134). She described the force that could have caused these injuries as "something very hard like a very hard slap or something with blunt force such as a paddle or piece of wood . . . ." *Id.* ([7-2] at 137-38). The court of appeals concluded that "there was sufficient evidence presented at trial that Byers inflicted serious bodily injury to Tiffany as set forth in Count III." *Id.*

Petitioner argues that there is record evidence which undermines his conviction. Petitioner points to a note made by an admitting nurse which stated there were no signs of physical or psychological abuse. ([7-2] at 119).  He also points to the fact that the treating physician described the abrasion near Tiffany's chest and neck as small and the fact that the physician testified that certain abrasions could have been made with a fingernail and other abrasions could have been caused by a tight shirt collar. ([7-2] at 132-33, 146).  Petitioner notes that Tiffany's mother described the child as clumsy and wobbly and stated that Tiffany would have little bruises on her legs from stumbling. ([7-3] at 40).  Finally, Petitioner points out that Tiffany had a vitamin D deficiency. ([7-3] at 123).

This Court may not try the issues in Petitioner's state criminal case *de novo*, reweigh the evidence, or substitute its own judgment for that of the trier of fact, but must determine whether a rational jury could have found beyond a reasonable doubt that the Petitioner was guilty. *Stevenson*, 126 F.3d at 664.  The court of appeals found that there was sufficient evidence to support Petitioner's conviction.

The evidence in this case, when viewed in the light most favorable to the State, is not such that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Santellan*, 271 F.3d at 193.  The undersigned finds that Petitioner has not established that the Mississippi Court of Appeals's decision on this issue is contrary to, or involves an unreasonable application of, clearly established federal law, or that the decision was based on an unreasonable determination of the facts in light of the evidence.  Habeas relief on this claim should be denied.

***Ground 4: Whether Byers's Convictions for Felony Child Abuse Merge***

Petitioner was convicted of two counts of felony child abuse, one relating to a fracture of Tiffany's right leg (Count I) and another relating to severe bruising, abrasions, and lacerations (Count III). In Ground 4, Petitioner argues that "the State's theory of the case was all of the injuries in question occurred at the same time, in the same place, in the same manner, and were alleged under the same statute, subjecting [him] to Double Jeopardy as the counts merge."

The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense. The Clause protects against a second prosecution for the same offense after acquittal or conviction and protects against multiple punishments for the same offense. *Austin v. Cain*, 660 F.3d 880, 887 (5th Cir. 2011). Petitioner's double jeopardy argument raises the issue of multiplicity which "is the charging of a single offense in more than one count." *United States v. Swaim*, 757 F.2d 1530, 1536 (5th Cir. 1985).

Double jeopardy concerns may arise in varying situations. For example, a course of conduct may violate multiple criminal statutes. In those situations, "[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact that the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The Mississippi Court of Appeals applied this test when reviewing Petitioner's claim. The court concluded that "Count III required 'proof of a fact' not found in Count I," and held Petitioner's claim to be without merit.

However, the rule regarding separate and distinct criminal statutes set forth in *Blockburger* is not the applicable test for cases such as this one, where multiple convictions arise

17

under the same criminal statute. *See Sanabria v. United States*, 437 U.S. 54, 69-70 (1978).[13]

When the course of conduct results in multiple charges arise under the same statute, "[t]he test is

whether the individual acts are prohibited, or the course of action which they constitute.  If the

former, then each act is punishable separately.  If the latter, there can be but one penalty."

*Blockburger*, 284 U.S. at 302.  This test hinges on legislative intent. *Id*. at 303; *United States v.*

*Weathers*, 186 F.3d 948, 952 (D.C. Cir. 1999) ("Where two violations of the same statute rather

than two violations of different statutes are charged, courts determine whether a single offense is

involved not by applying the *Blockburger* test, but rather by asking what act the legislature

intended as the 'unit of prosecution' under the statute.").  "Few, if any, limitations are imposed

by the Double Jeopardy Clause on the legislative power to define offenses." *Sanabria*, 437 U.S.

at 69.

        The Mississippi Court of Appeals's failure to apply the test for analyzing multiple

charges based on a single statute does not necessarily entitle Petitioner to federal habeas relief.

*See Sanders v. Cain*, 2002 WL 32191037, at *8 (E.D. La. Dec. 6, 2002) (citing *DiLosa v. Cain*,

279 F.3d 259, 262 (5th Cir. 2002)).  If the state court's "ultimate conclusion" is not objectively

unreasonable, Petitioner is not entitled to habeas relief. *Neal*, 286 F.3d at 246 (holding § 2254(d)

authorizes a federal court to review a state court's decision only and not its explanation of the

decision).  Thus, this Court will examine whether the court of appeals's ultimate decision was

objectively reasonable.

---

[13] As discussed *infra* p. 19, however, courts have noted that while the *Blockburger* test for
separate and distinct statutes is not the applicable test where multiple charges arise under the
same statute, it is useful in determining "whether multiple counts of the same statutory offense
are multiplicitous." *See United States v. Shrader*, 675 F.3d 300, 314 (4th Cir. 2012).

As previously discussed, at the time the offense occurred, Miss. Code Ann. § 97-5-39(2), provided:

> Any person who shall intentionally (i) burn any child, (ii) torture any child, or (iii) except in self-defense or in order to prevent bodily harm to a third party, whip, strike or otherwise abuse or mutilate any child in such a manner as to cause serious bodily harm, shall be guilty of felonious abuse of a child . . . .

Petitioner does not argue that § 97-5-39(2) prohibits multiple counts, and it is apparent from the statute's language that the Mississippi Legislature intended for each discrete act of abuse to be a separate offense and not simply part of a course of conduct. The statute is conduct-oriented, using the conjunctive "or" to distinguish and separate different conduct. Additionally, prior decisions by Mississippi's appellant courts support a finding that § 97-5-39(2) provides for multiple punishments when a defendant commits distinct acts of abuse against a child. *See Faraga v. State*, 514 So. 2d 295, 302 (Miss. 1987) (holding that a single act of throwing a child to the pavement could be classified as felonious child abuse and that § 97-5-3(2) "does not require that the abuse be dispensed over a period of time before a charge for felonious abuse will arise"); *Sims v. State*, 813 So. 2d 784 (Miss. App. 2002) (finding that evidence was sufficient to uphold conviction for three counts of felony child abuse against three children). Thus, the undersigned finds that the legislature intended to separately and distinctly criminalize any act which constitutes the prohibited conduct under § 97-5-39(2).

Additionally, the record supports a finding that Petitioner was convicted of two distinct acts of child abuse and that these convictions do not "merge." The court of appeals's examination of the proof required for each count is relevant in determining whether Petitioner committed distinct, prohibited acts. *See United States v. Shrader*, 675 F.3d 300, 314 (4th Cir. 2012) ("While [the *Blockburger*] test is traditionally used to determine whether a single course of conduct violates different statutory provisions, . . . courts have noted its utility in assessing

whether multiple counts of the same statutory offense are multiplicitous") (citing *United States v. Swaim*, 757 F.2d 1530, 1536-37 (5th Cir. 1985)).

The court of appeals found that the "types of injuries constituting the abuse in the two counts are different: Count I concerns the leg fracture; Count III concerns the bruises and abrasions." *Byers*, 157 So. 3d at 104. The court noted that "Count III required 'proof of a fact' not found in Count I; namely, that Tiffany suffered bodily harm in the form of 'severe bruising, abrasions, and lacerations.'" *Id*. Additionally, the court noted that "the indictment and jury instructions distinguish the two counts by the dates of the occurrences." *Id*. The court pointed out that "[a]s to Count I, the dates are between September 3, 2011, and September 4, 2011[, but] Count III listed the dates as '[o]n or between August 1, 2011[,] and September 4, 2011[.]'" *Id*. The court also referred to the fact that Tiffany's treating physician testified that the bruises appeared to be in various stages of healing and that some of the injuries appeared to be new. *Id*. at 104 n.8. Petitioner's acts are separated by sufficient indicia of distinctness to justify convictions on multiple counts of child abuse. Accordingly, the undersigned finds that the state court's ultimate conclusion was correct and, thus, not objectively unreasonable. Habeas relief on this claim should be denied.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the relief sought in Byers's Petitioner [1] be denied and that the Petition be dismissed without prejudice as to Petitioner's sufficiency of the evidence challenge to his conviction on Count 1 and with prejudice as to all other grounds.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 15th day of June, 2017.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE