# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DANIEL WAYNE BYERS**                                          **PETITIONER**

v.                                              CAUSE NO. 1:15CV395-LG-MTP

**MARSHALL TURNER, Warden**                                     **RESPONDENT**

## ORDER ADOPTING IN PART AND REJECTING
## IN PART REPORT AND RECOMMENDATION

**BEFORE THE COURT** is the Report and Recommendation [14] entered by United States Magistrate Judge Michael T. Parker, in which he recommended that the habeas petition filed by Petitioner Daniel Wayne Byers should be denied. Byers filed an Objection [16] and Respondent Marshall Turner filed a Response [17]. After reviewing the record in this matter and the applicable law, the Court finds that the Report and Recommendation should be rejected to the extent that the Report and Recommendation addressed the unexhausted portion of Ground Three of Byers' petition, which Byers has withdrawn. The Report and Recommendation is adopted as the opinion of this Court in all other respects.

## DISCUSSION

Byers was indicted on three counts of felony child abuse (Counts I, II, and III), one count of sexual battery (Count IV), and one count of touching a child for a lustful purpose (Count V). *Byers v. Turner*, 157 So. 3d 98, 101 (¶4) (Miss. Ct. App. 2014). He was convicted of two counts of felony child abuse (Count I, which pertained to a fracture of the victim's right leg, and Count III, which pertained to severe bruising, abrasions and lacerations) in the Circuit Court of Harrison County,

Mississippi, and he was sentenced to forty years imprisonment. *Id.* at 101 (¶5), 102 (¶11), 104 (¶17). Count II was passed to the files by the State. *Id.* at 101 n.5. The trial court granted a directed verdict as to Count IV, and Byers was acquitted of the charge in Count V. *Id.* at 101 (¶5) & n.5.

Byers appealed his conviction and sentence, asserting the following grounds:

Ground One: Admission of the victim's taped forensic interview violated Byers' constitutional right to confront witnesses.

Ground Two: Byers' attorney provided ineffective assistance because the attorney failed to object to admission of the forensic interview.

Ground Three: The State failed to provide sufficient evidence to support the conviction for Count III.

Ground IV: Byers was subjected to double jeopardy.

After the Mississippi Court of Appeals affirmed the conviction and the Mississippi Supreme Court denied certiorari, Byers filed the present habeas petition. Judge Parker issued a Report and Recommendation advising that Byers' petition should be denied. Byers filed a timely Objection.

## DISCUSSION

This Court will review the objected-to portions of the Report and Recommendation de novo. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). With respect to those portions of the Report and Recommendation to which Byers did not file objections, the Court reviews those findings under a clearly erroneous or contrary to law standard. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.

1989).

## I. GROUND ONE: ADMISSION OF THE VICTIM'S FORENSIC INTERVIEW

In Ground One of his petition, Byers alleges that the trial court erred in admitting the victim's forensic interview into evidence, thus denying him a meaningful opportunity to cross-examine the victim. Judge Parker recommended that this request for relief should be denied pursuant to the procedural default doctrine. The Mississippi Court of Appeals held that Byers was barred from seeking review of the admission of the forensic interview because he failed to make a contemporaneous objection at trial. *Byers*, 157 So. 3d at 101 (¶7). The Court of Appeals also noted that admission of the forensic interview did not violate Byers' constitutional rights because both participants in the interview — the victim and the forensic interviewer — testified at trial and were thus available for cross-examination. *Id.* at 102 (¶8).

"When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). "The procedural default is not an adequate ground for denial of relief unless the state supreme court applies the bar strictly or regularly to the vast majority of similar claims." *Id.* (quotation marks and ellipsis omitted). In order to obtain habeas review of claims that are otherwise barred, a petitioner must demonstrate cause for the default and

actual prejudice as a result of defaulting his claims based on this procedural bar, or that failure to consider the claims would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Byers does not dispute Judge Parker's determination that the contemporaneous objection rule is regularly and consistently applied, and this determination is supported by Fifth Circuit precedent. *See Sneed v. King*, No. 2:11cv106-MPM-JMV, 2014 WL 2930398, at *6 (N.D. Miss. June 27, 2014) (citing *Smith v. Black*, 970 F.2d 1383, 1386 (5th Cir. 1992)). Byers also does not object to Judge Parker's finding that Byers failed to demonstrate that he would suffer a fundamental miscarriage of justice if the Court refused to consider Byers' claim. Since Byers failed to offer any new and reliable evidence to warrant application of the fundamental miscarriage of justice exception, Judge Parker's finding was supported by Fifth Circuit authority. *See Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).

It is unclear whether Byers objects to Judge Parker's finding that Byers failed to demonstrate cause for the default and actual prejudice. Byers had attempted to demonstrate cause for the default by alleging ineffective assistance of counsel. Judge Parker and the state court correctly determined that Byers' attorney did not provide ineffective assistance of counsel. Byers' trial counsel chose to utilize the forensic interview to support Byers' defense to the sexual battery and touching a child for lustful purposes charges. As a result, the trial court granted a

directed verdict as to the sexual battery charge, and the jury acquitted Byers of the touching a child for lustful purposes charge. Furthermore, Judge Parker and the state court correctly determined that Byers' constitutional rights were not violated by admission of the interview, because both the victim and the forensic interviewer testified live at Byers' trial. *See Carson v. Collins*, 993 F.2d 461, 464 (5th Cir. 1993).

Byers appears to argue that the procedural default doctrine should not be applied, because he alleges that his constitutional rights were violated. The United States Supreme Court has explained that the procedural default doctrine can be applied to constitutional claims. *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). Therefore, this argument is without merit.

Byers also asserts that he has alleged "an 'error' affecting fundamental constitutional rights, which are now 'excepted' or excused from the procedural bars of the Post-Conviction Collateral Relief Act." (Obj. at 3, ECF No. 16). It appears that Byers is relying on *Rowland v. State*, 42 So. 3d 503, 507 (Miss. 2010), but *Rowland* is inapplicable here because it concerns Mississippi's Post-Conviction Collateral Relief Act, not the federal habeas statutes. *See Catchings v. King*, No. 3:13cv397-DPJ-FKB, 2014 WL 7358083, at *1 (S.D. Miss. Dec. 23, 2014).

After conducting the required review of Judge Parker's recommendations as to Ground One of the petition, the Court finds that these recommendations should be adopted as the opinion of this Court. Byers' objections concerning Ground One

are overruled.[1]

## II. GROUND TWO: INEFFECTIVE ASSISTANCE OF COUNSEL

In Ground Two, Byers claims that his trial counsel provided ineffective assistance by failing to object to the admission of the victim's forensic interview. Judge Parker found that Byers' trial counsel did not provide ineffective assistance. The trial counsel advocated admission of the forensic interview as a part of his trial strategy, because the interview aided Byers' defense to the charges of sexual battery and touching a child for lustful purposes.

Byers does not object to Judge Parker's rejection of the ineffective assistance of counsel claim he asserted in Ground Two. An attorney's "conscious and informed decision on trial tactics and strategy cannot be the basis of constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Pape v. Thaler*, 645 F.3d 281, 291 (5th Cir. 2011). As the Mississippi Court of Appeals explained, the forensic interview aided Byers' defense as to the charges in Count IV and Count V, because the victim denied the allegations that formed the basis of those charges in the forensic interview. *Byers*, 157 So. 3d at 102 (¶10). Therefore, Judge Parker's determination that Byers should be denied habeas relief as to Ground Two is not clearly erroneous or contrary to law.

---

[1] Byers also appears to argue that he failed to exhaust his arguments in Ground One, such that his petition should be treated as a mixed petition. Byers' arguments in Ground One have not been rejected on the basis of failure to exhaust. As Byers admitted in his petition, this Ground was presented to the state courts. Therefore, this assertion is without merit.

## III.  GROUND THREE: SUFFICIENCY OF THE EVIDENCE

In Ground Three, Byers alleges that there was insufficient evidence to convict him of felony child abuse.  Initially, Byers did not specify whether this Ground concerned Count I, Count III, or both, but his discussion of this Ground in his Memorandum [2] and his Objection [16] discussed both Counts.

Judge Parker found that Byers' sufficiency of the evidence claim should be dismissed without prejudice as to Count I due to Byers' failure to exhaust the claim in state court.  Byers subsequently filed a Motion to Amend his petition to remove the unexhausted portion of Ground Three.  This Court granted the Motion to Amend in a separate Order.  Therefore, Judge Parker's Report and Recommendation is rejected to the extent that it discussed the portion of Ground Three that has been withdrawn.

Judge Parker recommended that Byers' sufficiency of the evidence claim as to Count III should be dismissed with prejudice because Byers failed to establish that the state appellate court's decision on that issue was contrary to, or involved an unreasonable application of, clearly established federal law, or that the decision was based on an unreasonable determination of the facts in light of the evidence.  Byers does not object to this recommendation concerning the remaining portion of Ground Three.  The Court has reviewed Judge Parker's thorough analysis of the evidence supporting this Count and finds that Judge Parker's recommendations are neither clearly erroneous or contrary to law.  Judge Parker correctly determined that Byers'

request for habeas relief as to the remaining portion of Ground Three should be denied.

## IV.  GROUND FOUR: DOUBLE JEOPARDY

Ground Four is a double jeopardy claim based on Byers' contention that his two convictions for felony child abuse merge.  In his Report and Recommendation, Judge Parker found that the Mississippi Court of Appeals applied the wrong test when determining whether Byers' convictions should merge, but he found that the Mississippi Court of Appeals' ultimate decision was objectively reasonable because the Mississippi Legislature "intended to separately and distinctly criminalize any act which constitutes prohibited conduct under [Miss. Code. Ann.] § 97-5-39(2)." (R.& R. at 19, ECF No. 14).  Furthermore, Judge Parker determined that "the record supports a finding that Petitioner was convicted of two distinct acts of child abuse and that these convictions do not 'merge.'"  (*Id.*)  Count One concerned a leg fracture while Count Three concerned bruises and abrasions that were in various stages of healing.

In his Objection, Byers merely argues that "the failure to apply the proper test for analysis of multiple charges under the single statute rendered the decision objectively unreasonable in light of the evidence."  (Obj. at 5, ECF No. 16).  The failure to apply the correct test is an insufficient ground for overturning Byers' convictions.  The Fifth Circuit has explained that federal courts in habeas cases focus "on the state court's ultimate conclusion, not on its reasoning process."

*DiLosa v. Cain*, 279 F.3d 259, 262 (5th Cir. 2002); *see also Sanders v. Cain*, No. 02-0971, 2002 WL 32191037, at *8 (E.D. La. Dec. 6, 2002). Byers has not explained how the Court of Appeals' ultimate decision could be considered objectively unreasonable. Judge Parker's reasoning and conclusions concerning Ground Four of Byers' Petition are adopted as the opinion of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Report and Recommendation [14] entered by United States Magistrate Judge Michael T. Parker is **REJECTED** to the extent that it addressed the unexhausted portions of Ground Three of the petition, which were subsequently removed from the petition at Byers' request. The Report and Recommendation [14] is **ADOPTED** as the opinion of this Court in all other respects. The petition is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 16th day of September, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE